**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIAN WANG, | No. 11-71474 |
| Petitioner, | Agency No. A098-458-652 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:      GOODWIN, WALLACE, and GRABER, Circuit Judges.

Lian Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, including the agency's adverse credibility findings. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Wang's testimony and documentary evidence regarding his injuries. *See Pal v. INS*, 204 F.3d 935, 939-40 (9th Cir. 2000) (inconsistencies between testimony and application regarding injuries petitioner received during assaults went to heart of claim); *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) (court must affirm adverse credibility finding when it is supported by at least one reason that goes to heart of claim). We lack jurisdiction to review Wang's contention regarding the accuracy of the translation and transcription because he did not raise it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Further, Wang's other explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Accordingly, in the absence of credible testimony, we deny the petition as to Wang's asylum and withholding of removal claims. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Wang's CAT claim fails because it is based on the same statements the agency found not credible, and he does not point to any other evidence in the record that would compel the finding that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to China. *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**